UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WAL-MART STORES, INC.,
Plaintiff

v.

QORE, INC.; SAIN ASSOCIATES, INC. AND
SHANNON, STROBEL & WEAVER CONSTRUCTION
& ENGINEERS, INC.,
Defendants

NO. 1:06CV326

SHANNON, STROBEL & WEAVER CONSTRUCTION
& ENGINEERS, INC.,
Third-Party Plaintiff

v.

CAMCO CONSTRUCTION COMPANY, INC.

## ORDER

This cause comes before the court on the motion of defendant Qore, Inc. ("Qore"), to dismiss for improper venue, pursuant to Fed. R. Civ. P. 12(b)(3). Plaintiff Wal-mart Stores, Inc. ("Wal-mart"), has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is not well taken and should be denied.

This is a negligence and breach of contract action arising out of what Wal-mart contends was substandard work performed by defendant Qore, a geotechnical engineering company, in testing the subsurface features of a plot of land in Starkville, Mississippi upon which Wal-mart built one of its stores. On November 30, 2006, Wal-mart filed the instant action in this court, on

the basis of diversity jurisdiction. See 28 U.S.C. § 1332. Qore has presently moved to dismiss for improper venue on the basis of a forum selection clause in its contract with Wal-mart which "requires that any action, suit or proceeding against Qore be brought only in the federal or state courts for Benton County, Arkansas."

By moving for dismissal under Rule 12(b)(3), Qore seeks to avoid having this court consider the transfer of venue factors set forth in 28 U.S.C. § 1404(a). Indeed, Qore explicitly disclaims any desire to have this case transferred to an Arkansas federal court, making it clear that dismissal is the sole remedy which it seeks. In seeking dismissal, rather than transfer, Qore relies upon the U.S. Supreme Court's decision in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 1913, 1916, 32 L.Ed.2d 513 (1972), which held that, in admiralty cases, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." Wal-mart, by contrast, argues that the controlling precedent is *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 2245, 101 L.Ed.2d 22 (1988), where the U.S. Supreme Court made it clear that, in considering § 1404 motions to transfer pursuant to a forum selection clause, courts should make an "individualized, case-by-case consideration of convenience and fairness" by "weigh[ing] in the balance a number of case-specific factors," including the forum selection clause. *Stewart*, 108 S.Ct. at 2244.

Wal-mart argues, and the court agrees, that the *Stewart* holding is the determinative one in this case and that any attempted enforcement of the forum selection clause must be made on the basis of a § 1404 transfer motion. It is true that, in the 1996 decision of *International Software Systems, Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114- 15 (5th Cir.1996), the Fifth Circuit

wrote that "[a]lthough we would prefer to apply the same *Stewart* balancing in diversity cases to motions to dismiss and motions to transfer, the other federal courts have decided otherwise and continue to apply *Bremen* to motions to dismiss based on a forum selection clause." *Amplicon*, 77 F.3d at 115. The Fifth Circuit in *Amplicon* noted that some district courts in other circuits have treated a motion to dismiss as a motion to transfer, but distinguished these cases by stating that "these cases, unlike our own, did not involve a forum selection clause that limited the agreed venue to a state court." *Id.*

Qore concedes that, unlike the forum selection clause in *Amplicon*, the forum selection clause in the instant case permits suit to be brought in *either federal or state* court in Benton County, Arkansas, and the court concludes that this factor is the deciding one on this issue. Indeed, a Texas district court very recently reached the same conclusion in a case involving a similar forum selection clause, writing as follows:

> This case involves the situation the Fifth Circuit took pains to distinguish in *Amplicon*. Several federal district courts have addressed this issue and have held that when transfer to another federal district court is an option, *Stewart*, not *Bremen*, is the proper analytical guide. *See, e.g., Southeastern Consulting Group, Inc. v. Maximus, Inc.*, 387 F.Supp.2d 681, 683-84 (S.D.Miss.2005); *Speed v. Omega Protein, Inc.*, 246 F.Supp.2d 668, 671 (S.D.Tex.2003); *Dorsey v. N. Life Ins. Co.*, 2004 U.S. Dist. LEXIS 22443 at 35-37 (E.D.La. Nov. 5, 2004); *Lafargue v. Union Pacific R.R.*, 154 F.Supp.2d 1078, 1084-85 (E.D.Tex.2000). The court is persuaded that the cited opinions represent the correct view of the law and that the proper procedure to enforce a forum selection clause that provides for suit in another federal court is through § 1404(a) and Stewart 's balancing test.

*Canvas Records, Inc. v. Koch Entertainment Distribution, LLC*, 2007 WL 1239243 (S.D. Tex. 2007). One of the district court decisions relied upon by the Texas district court in *Koch* is the 2005 Mississippi district court decision of *Southeastern Consulting Group, Inc. v. Maximus, Inc.*, 387 F.Supp.2d 681, 683-84 (S.D.Miss.2005), wherein Judge Barbour wrote that:

3

> The vast majority of those (district) courts have likewise construed *Stewart* with *Amplicon* in deciding that a motion to dismiss for improper venue, either under § 1406 or Rule 12(b)(3), is inappropriate when a motion to transfer venue pursuant to § 1404 is an alternative.

*Id.* This court agrees with Judge Barbour and concludes that where, as here, transfer of venue to another federal court is an option, a § 1404 motion to transfer under *Stewart* is the proper procedural means for enforcing a forum selection clause.

The one rather unique factor in this case is that, unlike the defendants in *Koch* and *Maximus*, Qore has not alternatively moved to transfer, insisting that dismissal is the sole remedy which it seeks. Interestingly, Wal-mart has chosen to file its own alternative § 1404 motion to transfer this case to Arkansas district court, even though it chose Mississippi as a forum and even though its brief makes it clear that it believes that the *Stewart* factors support venue in this case remaining in Mississippi. While the parties' motivations for these filings are not entirely clear to this court, it is clear that Qore may not circumvent the near-consensus view of Fifth Circuit district courts that the *Stewart* transfer factors control in this context by simply refusing to file a motion to transfer. Indeed, the equities in this case appear to favor Wal-mart's position even more strongly than was the case with the plaintiffs in *Koch* and *Maximus*, based upon the disingenuous nature of Qore's arguments. That is, Qore bases its request for a dismissal on a forum selection clause even though it is clear that it has no desire that the clause's choice of forum actually be implemented.

The forum selection clause in this case, unlike the one in *Amplicon*, clearly permits transfer to an Arkansas <u>federal</u> court, and it is thus apparent that § 1404 transfer is an option in this case, as it was in *Koch* and *Maximus*. However, it seems doubtful at this juncture that either

4

Qore or Wal-mart actually wishes to have this case transferred to Arkansas. While Wal-mart would appear to have the motivation to litigate this action on its "home turf" of Arkansas, its brief makes it clear that it views (and correctly so, in all likelihood) transfer to Arkansas as being unsupported by the *Stewart* factors. Rather than attempt to divine the parties' true motivations in this regard, the court concludes that the better course of action is to simply deny Qore's Rule 12(b)(3) motion to dismiss and make it clear that any enforcement of the forum selection clause in this case will be based upon § 1404 transfer and the *Stewart* factors. With this understanding in mind, the court will dismiss Wal-mart's motion to transfer without prejudice, and, if either party should actually wish to have this case transferred to Arkansas district court, then it may file a § 1404 motion seeking such transfer.

In light of the foregoing, it is ordered that defendant Qore's motion to dismiss [22-1] is denied, and Wal-mart's alternative motion to transfer [30-1] is dismissed without prejudice.

So ordered, this the 20th day of September, 2007.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**