# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **WAL-MART STORES, INC.** | **PLAINTIFF** |
| V. | **CAUSE NO. 1:06CV326** |
| **QORE, INC.; SAIN ASSOCIATES, INC. AND SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **DEFENDANTS** |
| **SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **THIRD PARTY PLAINTIFF** |
| V. | |
| **CAMCO CONSTRUCTION COMPANY, INC.** | **THIRD PARTY DEFENDANT** |

## MEMORANDUM OPINION

This cause comes before the court on the motion [155] of the defendant, Qore, Inc. ("Qore"), seeking to exclude certain expert reports and testimony produced by Joe W. Parker.

Parker, an expert put forth by the plaintiff, Wal-Mart Stores, Inc. ("Wal-Mart"), offers an appraisal opinion on the value of the Wal-Mart Supercenter at the heart of this controversy. Wal-Mart sued the defendants in this matter seeking damages regarding the construction of a Wal-Mart Supercenter in Starkville, Mississippi. Basically, Wal-Mart alleges Qore did not correctly determine the structural requirements based on the land qualities where the building was constructed. Further Wal-Mart alleges each of the other defendants should have known of and corrected the problems caused by these faulty recommendations. As part of its claims Wal-Mart seeks compensation for the diminished value of its property.

Parker offers an opinion on the current value of the building and the value the building

would have if the building had been properly constructed. In giving his opinion Parker has produced a summary appraisal report. Parker has since offered a second appraisal and three updates to these appraisals. Qore challenges the admissibility of one of the appraisals and all three updates[1] because they fail to adhere to the methodology set forth in the Uniform Standards of Professional Appraisal Practice ("USPAP"). Wal-Mart states Parker followed the USPAP methods.[2] Further, they assert that even if Parker did not use the USPAP methods, the method he applied is reliable and therefore his conclusions are admissible under Federal Rule of Evidence 702.

The Supreme Court has charged trial court judges with the responsibility of acting as gatekeepers in determining when expert testimony is admissible. *Daubert v. Merrell Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). *Daubert* requires that "when expert testimony is offered, the trial judge must perform a screening function to ensure that the expert's opinion is reliable and relevant to the facts at issue in the case." *Watkins v. Telesmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997). Determining reliability requires assessing "whether the reasoning or methodology underlying the testimony is . . . valid." *Daubert*, 509 U.S. at 592-93. Relevance rests on "whether [that] reasoning or methodology properly can be applied to the facts in issue." *Id*. at 593.

*Daubert* set forth a non-exclusive checklist for trial courts to use in determining the reliability of expert testimony. *Daubert*, 509 U.S. at 593. Those factors include: (1) whether the

---

[1] Since the motion was filed Parker has amended those documents. Qore states those amendments do not alter their objection to his line of reasoning.

[2] Wal-Mart makes no credible argument that Parker followed all the requirements laid out by the USPAP. The court assumes the statement in question is an assertion that Parker followed USPAP procedures for each action he took even though he did not take each action outlined by the USPAP.

expert's technique or theory has been tested; (2) whether the technique or theory has been subjected to peer-review and publication; (3) the known or potential rate of error applicable to the technique or theory; (4) the existence of standards and controls applicable to the technique or theory; and, (5) whether the technique or theory is generally accepted in the scientific community. *Id*. at 593-95.

The court expanded the scope of permissible expert testimony to non-scientific experts in *Kumho Tire Co., Ltd. v. Carmichael*. 526 U.S. 137 (1999). Under that analysis, a court must determine if an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field" before finding the evidence admissible. *Kumho Tire Co.*, 526 U.S. at 152.

Qore does not dispute that Parker is qualified to offer opinions on the value of property. In fact, Qore agrees Parker's appraisal dated February 1, 2001 is admissible. The question before the court is whether Parker's method for the later reports is reliable and whether he reliably applied that method to the facts at hand.

The court agrees with Wal-Mart that following the USPAP standards is not the only way that an appraisal might be reliable enough for admission. However, following industry guidelines would be evidence to support a finding of reliability.

Qore's contention is that Parker followed the guidelines, but that he only completed part of the procedure for developing a reliable valuation. Specifically, Qore argues that Parker appraised the building only without considering the value of the land, he used only one of the three required valuation approaches, he made "extraordinary assumptions," and made other errors which taken in aggregate call into question the reliability of his results.

Parker did not value the land in its entirety. Qore's contention is that buildings without

land are limited in value to the market lease price. According to Qore, the USPAP would require an appraiser to decline employment to value only a building because that assignment would not produce credible results. Under this theory a building without the associated land has only has a rental value. This suit is about the value of the entire property including the land. Therefore, a valuation of the building itself is not useful. They claim the USPAP prohibits appraisals which are not useful. Whether this is true or not is irrelevant. Federal Rules of Evidence 401 and 702 both prohibit opinions that are not helpful to the jury. Further, the fact the USPAP finds an appraisal unhelpful does not reflect on its reliability.

The court finds that this opinion on its face does have at least some value. Wal-Mart argues the construction defects do not affect the value of property save for their effect on the value of the building. Its contention is that Parker appraised the loss of value in the property by finding the difference between the value the building would have had without defect and the value the building has with defects. Wal-Mart believes logic dictates that this numerical calculation would be the same if the value of the land without the building was added to both the original figures. The court doubts this is the best way to determine the value of the property. However, it is certainly a way to create an appraisal. The method seems clear enough. With the exception of the issues discussed below, Parker followed the USPAP standards in determining the value of the property. Taken alone, the fact that Parker valued the building without considering the land does not prohibit the introduction of his testimony.

Qore's next contention is that Parker used only one of the three valuation methods - each of which is required under the USPAP standards. The three methods of valuation are the cost approach, the income approach, and the sales comparison approach. This court is not bold enough to hold itself out as an expert on the USPAP, however, it appears USPAP standards rule

2-2(b)(viii) requires an appraiser to consider all approaches and explain his choice of approach. In his first appraisal Parker uses all three approaches. In the subsequent updates he did not explain his choice to use only the cost approach. Parker's latest amendments do contain explanations.

Qore first puts forth this failure to explain is itself grounds for exclusion. That argument fails, as it has been corrected and does not rebut the reliability of the valuation.

Secondly, Qore argues Parker's approach was the wrong one. Here Qore's point is much more well taken. Parker claims to have come to a market value for the building. However, he does not consider the income value the property has in its current state. Nor does he compare prices for the sale of similar properties. The USPAP dictates considering these approaches. Parker claims to have not used these approaches because this would have needlessly led to him having to add the value of the land to each conclusion and then immediately turn around and subtract that value. It may well be true that the numerical value would be different if he had done these other calculations, but this is a matter for cross-examination and rebuttal. The court agrees this failure undermines Parker's conclusion. The true sale value is the price Wal-Mart could sell the land and building for together.[3] It does not mean that the value put forward by Parker is not reliable as some proof of damages.[4]

Next Qore argues Parker made extraordinary assumptions in coming to his ultimate conclusion. Parker claims these assumptions are not extraordinary and offers proof they are based on reasonable considerations. Parker estimated the life of the building without defect to be

---

[3] Parker states in an attached affidavit that buildings have a value separate from land. In support of this he offers the example of a building sold without property and moved to a new location. It is incredulous that Parker would have the court believe it is financially feasible to move a 205,863 square foot building.

[4] Parker's affidavit claims the change did not affect the outcome of the appraisal.

forty years. He arrived at this number by relying on a widely accepted industry source. This is a permissible assumption. Parker estimated the life of the building as is to be twenty years. He arrived at this conclusion by relying on reports of continued foundation movement, engineering reports, his own inspection of the building, and market perceptions. This method seems to be the only one available to make such an estimation. Appraisers are necessarily called on to make such determinations. Parker's background qualifies him to make conclusion opinion and his methodology is sound. The court makes no finding as to whether he came to the correct result, but he did come to an admissible result.

Finally, Qore argues other minor errors when taken together justify exclusion of this evidence. These errors relate to form and carelessness. The fact Parker's updates do not fit the form proscribed by the USPAP does not affect their admissibility. Parker incorporates his original appraisal by reference in his updates instead of attaching the original appraisal to those updates. This may violate USPAP procedure but it does not relate to reliability or relevance.

Further Parker's report evidences some confusion about whether to include a fuel island canopy and storage tank owned by Murphy Oil USA in his findings. He initially includes the value of these additions in his appraisal and only later removes them. Qore admits this error seems unimportant, but argues in conjunction with the other problems associated with Parker's testimony it renders this evidence inadmissible. The fact is Parker made an error. He then, however, corrected that error. This court is in no position to hold that experts can never make mistakes. When a mistake is discovered and fixed it advances the cause of justice. As such, the court will not consider this error as a problem related to the reliability of Parker's testimony.

Taken together Parker has created a number of problems for his testimony and opinion. The court has no doubt that Qore's counsel will illuminate these for the jury. The court will give

counsel ample room to do just that. However, the problems do not rise to the level of preventing Parker from presenting an opinion. The gatekeeping standard under *Daubert* is low. The opinions offered by Parker are clearly relevant. The court also finds they are based on a methodology that comes to reliable conclusions. That is not to say those conclusions are correct. Argument is meant to reveal the truth. Both parties will have the chance to put forth their proof and argue what that evidence means.

The defendant's motion to exclude certain testimony of Parker is DENIED.

This the 28th day of January, 2009.

                                      **/s/ MICHAEL P. MILLS**
                                      **CHIEF JUDGE**
                                      **UNITED STATES DISTRICT COURT**
                                      **NORTHERN DISTRICT OF MISSISSIPPI**