# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **WAL-MART STORES, INC.** | **PLAINTIFF** |
| V. | **CAUSE NO. 1:06CV326** |
| **QORE, INC.; SAIN ASSOCIATES, INC. AND SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **DEFENDANTS** |
| **SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **THIRD PARTY PLAINTIFF** |
| V. | |
| **CAMCO CONSTRUCTION COMPANY, INC.** | **THIRD PARTY DEFENDANT** |

## ORDER

This cause comes before the court on the objection [178] of the defendant, Sain Associates, Inc. ("Sain") seeking to exclude exhibit 201.

Exhibit 201 is a copy of the Mississippi State Board of Licensure For Professional Engineers and Surveyors' Rules and Regulations of Procedure. These Rules are effective after March 1, 2005. Sain makes a number of objections to the introduction of the Rules. The court addresses only one of those arguments in excluding this exhibit. Sain argues these Rules were not in place during the design or construction of the property in question. Having reviewed the complaint, the court agrees these Rules were not applicable to the construction of the property in question.

The defendant, Qore, Inc. ("Qore"), admits the Rules in their previous form applied to the construction of the building in question. They claim this set of Rules applies to work performed

by Clyde Pritchard. While the parties do not explain Pritchard's role in this matter, the court believes the introduction of this exhibit is intended to show Pritchard's alleged conflict of interest. The court has ruled in a separate motion that testimony related to that conflict is admissible. However, that issue is ancillary to the questions before the jury in this case.

Introduction of this set of Rules would be confusing to the jury. The jury would have two sets of Rules before them and would have to parse which set applied to which party. This creates a wealth of confusion with little probative value. The court sees no reason to introduce a set of Rules related only to an ancillary issue where the Rules would contain nonapplicable standards a jury might take as strong evidence towards the issue of liability. Certainly, the parties can question Pritchard without the introduction of a physical copy of these Rules.

The court finds the Rules applicable after March 1, 2005 are too confusing to justify their admittance. The court makes no ruling as to the admissibility of the Rules in place at the time of design or construction.

Sain's objection to Exhibit 201 is SUSTAINED.

This the 2nd day of February, 2009.

                                             **/s/ MICHAEL P. MILLS**
                                             **CHIEF JUDGE**
                                             **UNITED STATES DISTRICT COURT**
                                             **NORTHERN DISTRICT OF MISSISSIPPI**