**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

| | |
|---|---|
| **WAL-MART STORES, INC.** | **PLAINTIFF** |
| **V.** | **CAUSE NO. 1:06CV326** |
| **QORE, INC.; SAIN ASSOCIATES, INC. AND SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **DEFENDANTS** |
| **SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **THIRD PARTY PLAINTIFF** |
| **V.** | |
| **CAMCO CONSTRUCTION COMPANY, INC.** | **THIRD PARTY DEFENDANT** |

**ORDER**

This cause comes before the court on the objections [179, 180, 182] of the plaintiff, Wal-Mart Stores, Inc. ("Wal-Mart"), and the defendant, Shannon, Strobel & Weaver Constructors & Engineers, Inc. ("SSW"), to a proposed deposition designation and trial exhibits.

Wal-Mart and SSW first object to the deposition testimony of Terrell Temple. SSW designated Temple as a Civil Engineering Expert.[1] Defendant, Qore, Inc. ("Qore"), now wishes to designate a portion of Temple's deposition.

Everyone agrees Temple's deposition is hearsay. Qore has subpoenaed Temple. Temple's presence in court will cure any hearsay problem.

However, Qore indicates Temple may not appear and thus a deposition designation is

---

[1] He is currently list as a may call witness for SSW.

necessary. The court is certain Temple will comply the subpoena. Should Temple fail to comply willingly with the subpoena, the court will use its power to ensure his availability.

Since Temple will testify live there is no reason to designate deposition testimony. The court will sustain the objection to Temple's deposition designation. The court reserves ruling for trial as to the specific areas which Temple may testify.

Wal-Mart next objects to the title of Qore's Exhibits 188 and 496. Qore has agreed to redact the potentially confusing language. This objection is moot.

Wal-Mart's next objection is to Qore's exhibits 423 and 424. These exhibits are interrogatories. Qore has agreed to exclude exhibit 424. Qore has redacted exhibit 423 to include only the interrogatories and answers numbered eight, nine, and ten. This cures the hearsay[2] and relevance problems complained of by Wal-Mart. However, the court finds the legal wrangling that precedes each answer to be confusing for a jury. The objections, which are overruled, are substantially more prejudicial than probative and should be redacted pursuant to Federal Rule of Evidence 403.

Wal-Mart next objects to Exhibits 455, 497, 497.1, and 497.2 because they are irrelevant or alternatively that they are substantially more unfairly prejudicial than probative. These exhibits are not attached to the objection or the response to the objection. As such the court is uncertain of their content. The court reserves ruling until these exhibits are offered into evidence.

The objections of Wal-Mart and SSW are SUSTAINED IN PART, OVERRULED IN PART, and RESERVED FOR LATER RULING IN PART.

---

[2] The questions themselves might fall within the most technical of hearsay definitions. However, it can not be argued the questions make any assertion not contained in the answers. Fairness dictates the jury should be able to see the context in which the answers are offered.

This the 3rd day of February, 2009.

                                                            **/s/ MICHAEL P. MILLS**
                                                            **CHIEF JUDGE**
                                                            **UNITED STATES DISTRICT COURT**
                                                            **NORTHERN DISTRICT OF MISSISSIPPI**