# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **WAL-MART STORES, INC.** | **PLAINTIFF** |
| V. | **CAUSE NO. 1:06CV326** |
| **QORE, INC.; SAIN ASSOCIATES, INC. AND SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **DEFENDANTS** |
| **SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **THIRD PARTY PLAINTIFF** |
| V. | |
| **CAMCO CONSTRUCTION COMPANY, INC.** | **THIRD PARTY DEFENDANT** |

## ORDER

This cause comes before the court on the objection [181] of the defendant, Sain Associates, Inc. ("Sain"), to the deposition designations of Candice Bailey and Robert Whitaker.

Sain first objects to the designation of Candice Bailey's deposition submitted by defendant, Qore, Inc. ("Qore"). Each of the line specific objections are on the same grounds: leading, argumentative and calls for speculation.

The court overrules the leading objection as Bailey is a former employee of Sain. She is therefore a witness associated with an adverse party and subject to leading questions. The parties in question are not on opposite sides of the case, but they do have opposing interests. Under Federal Rule of Evidence 611(c), the court has broad discretion in allowing leading questions. The interests of justice allow parties with opposing interests the opportunity to ask leading questions in order to test the evidence presented.

Likewise, having read the testimony the court overrules the argumentative objection in sum. The basis for this objection is not explained and the court sees no clearly argumentative questions.

The court overrules the objection to the testimony contained on page 62. Bailey testified to what she was aware of at the time and this is not speculation.

The court overrules the objection to the testimony beginning on page 64. Here Bailey testifies to the considerations her employer took and those they should have taken in deciding what options to pursue in stabilizing the ground under the building that is the heart of this suit. There is no indication that Bailey is guessing. Instead she testifies to what she knows.

The court overrules the objection to the testimony starting on page 79. In this exchange all the witness testifies to is that she understands the question. The court fails to see how the witness would have to speculate as to what she understands.

The court overrules the objection to the testimony beginning on page 80 of the deposition. Here the witness admits the decision as to which option to take was made because of cost instead of engineering assessments. Bailey does not hedge from this answer. The court sees no reason to believe she does not have the personal knowledge to make such an assertion.

The court sustains the objection to the testimony on page 90 of the deposition. Here Bailey is asked a long question which asserts that she said there would not be a weather problem with the construction. She denies knowledge of this. Nothing in the record shows she was impeached on this issue. Admitting this testimony would allow an attorney to testify to a fact that helps his case. Since Bailey has no recollection of this event, she is incompetent to testify to it. This testimony should be redacted.

The court sustains in part and overrules in part the objection to the testimony beginning

on page 100. Through line 22 of page 100, Bailey is stating her thoughts on when lime stabilization should occur. This is permissible. Starting on line 23, Bailey is asked about another's mental state. She states she is unaware of that mental state. The question itself called for speculation and Bailey would have been incompetent to answer it even if she had attempted to do so. This portion of the testimony should be redacted.

The court overrules the objection to the testimony on page 146. Bailey states what should have been done in finalizing the specifications. This is within the purview of her experience and is allowable.

The court sustains the objection to the testimony on page 147. Here Bailey testifies she would have to guess as to whether the specification mentioned is adequate. Her testimony would be speculation and is inadmissible. It should be redacted.

Sain next objects to the designation of Robert Whitaker's deposition as offered by Shannon, Strobel, & Weaver Constructors & Engineers, Inc. ("SSW'). The basis of this objection is that Whitaker is not qualified a civil engineer under Federal Rule of Evidence 702. The parties agree that Whitaker is not a civil engineer nor is he competent to testify to civil engineering standards.

SSW argues they are offering this designation to show Qore's belief as to the actions Sain should have taken. Further they argue that even if the objection has merit, some of the testimony should be admissible. SSW makes no representation of which portion of the testimony falls in this category.

First the court finds SSW's argument that Whitaker does not have to be qualified to offer civil engineering opinions without merit. Qore's subjective belief of what another party should have done without expert analysis is meaningless. The opinions on that subject offered by

Whitaker are clearly outside his realm of knowledge.  As such they are inadmissible.

However, beginning with page 238 line 10 and continuing throughout the portion of the deposition objected to, Whitaker testifies to Qore's recommendations.  That seems to be within Whitaker's personal knowledge and does not require qualification as an expert.  As such that portion of the testimony is admissible.  Sain's objection to Whitaker's testimony is sustained in part and overruled in part.  Whitaker's deposition should be redacted consistent with this ruling.

The objections to deposition designations offered by Sain are SUSTAINED IN PART and OVERRULED IN PART.

This the 3rd day of February, 2009.

                                                **/s/ MICHAEL P. MILLS**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**
                                                **NORTHERN DISTRICT OF MISSISSIPPI**