**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**WAL-MART STORES, INC.**                                                                               **PLAINTIFF**

**V.**                                         **CAUSE NO. 1:06CV326**

**QORE, INC.; SAIN ASSOCIATES, INC. AND**
**SHANNON, STROBEL & WEAVER CONSTRUCTION**
**& ENGINEERS, INC.**                                         **DEFENDANTS**

**SHANNON, STROBEL & WEAVER CONSTRUCTION**
**& ENGINEERS, INC.**                                 **THIRD PARTY PLAINTIFF**

**V.**

**CAMCO CONSTRUCTION COMPANY, INC.**     **THIRD PARTY DEFENDANT**

**ORDER**

This cause comes before the court on the objection [183] of defendant, Shannon, Strobel & Weaver Constructors & Engineers, Inc. ("SSW") to certain trial exhibits.

SSW first reserves a number of foundation and hearsay objections it feels should not be decided at this juncture. The court agrees those objections are not yet ripe. However, the court reiterates its instruction to the parties that to the extent possible foundation for exhibits should be stipulated where all parties know that foundation exists.

SSW next objects to the characterization of Exhibits 9, 16, 452, 453, and 454 as a construction materials testing services contract or construction materials testing logs respectively as the contract states it is for inspection and testing services. SSW does not object to the admissibility of the contract. The court is no going to rule on how the parties refer to these documents. The documents will presumably be entered into evidence. The court has no doubt

that the jury will be able to synthesize the arguments of the attorneys and the documents themselves in coming to its decision.

SSW next objects to the characterization of Exhibit 47 as a June 6, 2000 contract as the contract is dated May 24, 2000. Again, this document will presumably be entered into evidence. The court is not going to demand uniformity in referring to documents. The court does not understand how any confusion about the date of this document has arisen. Until it becomes clear one party is referring to this document in error and in bad faith, the parties are free to use their own designations for exhibits.

SSW next seeks to exclude Exhibit 49 under Federal Rules of Evidence 403 and 408. Exhibit 49 is a contract between SSW and the plaintiff, Wal-Mart Stores, Inc. ("Wal-Mart"), agreeing on a payment arrangement for repair work done to the store in question. The court overrules the objection to its admission.

The parties were unable to come to an agreement on repairing the store. Wal-Mart then bid the repair work. SSW won that contract. SSW then agreed to not receive payment for the repair work done at least until there was a resolution in this matter. The contract in question memorializes this agreement. The agreement is clear that it is not a settlement or an admission of liability. The court might normally be inclined to exclude this contract under Rule 408. However, here the contract is offered for a purpose other than proving liability based on settlement negotiations. The contract shows the prejudices and biases of SSW in this litigation. Rule 408 provides for and the other defendants have the right to introduce this contract for purposes other than showing settlement negotiations.

Further the court finds the probative value of this document is not outweighed by its unfair prejudice. The document evidences prejudice, bias, and goes to the reasonableness of the

repair costs. All these uses are permissible and probative. The document does have some unfair prejudice associated with it. However, the document itself makes clear it is not an admission of liability. Further the court will instruct the jury they should not use this document to determine the liability of the parties.

SSW objects to Exhibit 179. Qore has withdrawn this exhibit. As such this objection is moot.

SSW objects to Exhibit 201. The court has already ruled on this objection in a separate order. As such this objection is moot.

SSW next objects to Exhibits 208, 211, 212, 213, and 404 because they relate to other Wal-Mart projects. This objection is not fully briefed by the parties. The court will therefore reserve ruling until trial.

SSW objects to Exhibits 214, 215, 216, 217, 219, and 468. The court has already ruled in a separate order that evidence of Clyde Pritchard's conflict of interest is admissible. All these documents deal with that conflict. The court will therefore overrule the objection to these exhibits. However, the court cautions the parties it will not allow them to go too far afield in presenting evidence of this conflict.

SSW objects to Exhibits 415, 416, 417, 418, 419, 420, 422, and 495 because they were not previously produced. Qore has withdrawn Exhibit 420. The court overrules the other objections. SSW is not prepared to make a stronger statement than they "do not believe" the documents were produced. The court will allow this objection to be raised at trial if SSW will state unequivocally that they did not receive the exhibits.

SSW objects to Exhibit 436 because the document in question contains expert conclusions which the expert, Mr. Parker, is not qualified to make. The court has already ruled

Parker can testify to at least some matters. The court will reserve ruling until trial to see if these comments fall within his area of expertise.

SSW next objects to Exhibits 477 and 478. The court was not provided with the exhibits and will therefore reserve ruling for trial.

Finally, SSW objects to Exhibit 480 because it is more unfairly prejudicial than probative and contains information implying insurance coverage. The court sustains the objection in part and overrules the objection in part.

The court agrees the last sentence of the first full paragraph should be redacted. That sentence relates only to insurance and is inadmissible under Federal Rule of Evidence 411. The rest of the letter is an admission by SSW that fill was not properly placed under the store. This is an admission by a party opponent that is probative of the ultimate issue of the case. The statement is certainly prejudicial to SSW, but it is not unfairly prejudicial. SSW made this statement and they will now have to live with it.

The objections of SSW are SUSTAINED IN PART, OVERRULED IN PART, and RESERVED FOR TRIAL IN PART.

This the 3rd day of February, 2009.

                                            **/s/ MICHAEL P. MILLS**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**
                                            **NORTHERN DISTRICT OF MISSISSIPPI**