# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **WAL-MART STORES, INC.** | **PLAINTIFF** |
| V. | **CAUSE NO. 1:06CV326** |
| **QORE, INC.; SAIN ASSOCIATES, INC. AND SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **DEFENDANTS** |
| **SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **THIRD PARTY PLAINTIFF** |
| V. | |
| **CAMCO CONSTRUCTION COMPANY, INC.** | **THIRD PARTY DEFENDANT** |

## ORDER

This cause comes before the court on the objection [184] of defendant, Qore, Inc. ("Qore") seeking to exclude certain identified trial exhibits.

Qore first preserves all its foundation objections. The court has consistently held these objections are not yet ripe. As such they will be reserved for trial.

Qore next objects to Exhibits 304, 305, 306, 307, 609, 610, 611, and 612 because they contain content changes to the documents produced during discovery. Defendant, Shannon, Strobel & Weaver Constructors & Engineers, Inc. ("SSW"), argues they have complied with discovery rules relating to this document. Further they allege all backup documentation used in compiling this report was provided to Qore. The plaintiff, Wal-Mart Stores, Inc. ("Wal-Mart"), submitted some of the exhibits and has not responded to the objection. The court agrees these exhibits are probably summaries as contemplated by Federal Rule of Evidence 1006. The court

is unable to make a determination at this point as to whether all required documents were disclosed during discovery. As such, the court will reserve this objection for trial.

The court sustains Qore's objection to Exhibits 11 and 12 as incomplete. These exhibits are a portion of Exhibit 204. The parties can introduce the complete exhibit. However, allowing an additional copy of portions of that exhibit would be unfair. Such an admission might give the jury the impression they should give more weight to those component parts than the exhibit as a whole. Of course the parties can point out the portions they believe are most applicable, but they must do so from the whole exhibit.

Qore objects to Exhibits 185, 186, 300, 301, 302, and 303 on the grounds Joe Parker is not qualified to offer these opinions. The court has already addressed this argument in a separate order. As such this objection is moot.

Finally, Qore objects to Exhibit 321 because it has not been produced and relates to attorney's fees. Litigation costs are not currently before the court. As such, this document should not be entered into evidence until the conclusion of the trial. The court reserves ruling on its admissibility due to a failure to disclose.

Qore's objections are SUSTAINED IN PART and RESERVED IN PART.

This the 3rd day of February, 2009.

                                                      **/s/ MICHAEL P. MILLS**
                                                      **CHIEF JUDGE**
                                                      **UNITED STATES DISTRICT COURT**
                                                      **NORTHERN DISTRICT OF MISSISSIPPI**