# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **WAL-MART STORES, INC.** | **PLAINTIFF** |
| V. | **CAUSE NO. 1:06CV326** |
| **QORE, INC.; SAIN ASSOCIATES, INC. AND SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **DEFENDANTS** |
| **SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **THIRD PARTY PLAINTIFF** |
| V. | |
| **CAMCO CONSTRUCTION COMPANY, INC.** | **THIRD PARTY DEFENDANT** |

## ORDER

This cause comes before the court on the motion [162] of the defendant, Shannon, Strobel, & Weaver Construction & Engineers, Inc. ("SSW"), seeking to exclude evidence and argument regarding Clyde Pritchard's alleged conflict of interest.

SSW hired Pritchard, an engineer, as an expert witness. Pritchard was previously employed as an engineer for defendants SSW and Qore, Inc. ("Qore") as well as third-party defendant, Camco Construction Company, Inc.[1] on the project in question. Qore claims there is at least some evidence that Pritchard's previous work may have been partially responsible for the problems that later developed.

Pritchard was designated as an expert on April 3, 2008. Qore did not raise this potential

---

[1] Camco Construction Company was terminated from this action on July 17, 2008.

conflict of interest until Pritchard was deposed on December 3, 2008, the last day of discovery. Much of the discussion below relates to the gamesmanship of sitting on this information.

Pritchard denies any conflict of interest. The Mississippi State Board of Licensure for Professional Engineers and Surveyors' Rules and Regulations of Procedure defines "conflict of interest" in Rule 17.04. This court is not going to interpret these regulations. However, it is clear a good faith belief Pritchard violated those rules is reasonable.

SSW first argues the potential conflict does not prohibit Pritchard from testifying or in the alternative that all parties have waived their right to exclude Pritchard. Qore is not currently seeking to exclude Pritchard's testimony. Likewise none of the other parties have filed a motion to exclude his testimony. Based on the issues currently briefed the court is not inclined to exclude Pritchard. The court makes no final determination of Pritchard's ability to qualify as an expert at this time. That decision will rest on his testimony.

SSW argues that the introduction of any possible conflict of interest to discredit Pritchard's testimony is irrelevant under Federal Rule of Evidence 402. Relevance as defined by the Federal Rules is the lowest of standards. It permits the introduction of any evidence of a type that tends to make a fact in issue more or less probable. This evidence is relevant. It shows a conflict and at least a potential bias on the part of the witness. Evidence of bias is always relevant.

SSW next argues this evidence is inadmissible under Federal Rule of Evidence 403 because it is substantially more unfairly prejudicial than probative. SSW finds unfair prejudice in the fact a jury might not believe their expert "due to circumstances beyond [their] control." Those circumstances are that they did not learn of the conflict until it was too late to get another expert. These circumstances were not beyond SSW's control. SSW made the decision to hire

Pritchard and they should have conducted an investigation of him. They put their case in his hands without learning all the facts. The law does not impose on other parties the duty to investigate and disclose all potential problems with an opponent's witnesses. These circumstances do evidence prejudice, but that prejudice is not unfair. SSW controlled their expert and their investigation into his qualifications. As such they controlled the fate of their expert testimony at trial.

SSW's third argument is that this information is impermissible character evidence under Federal Rule of Evidence 404(b). First the court finds this is not character evidence as contemplated by Rule 404 but is instead evidence related to bias. The Rules contemplate that bias evidence is admissible as it goes to the weight and credibility a jury should give to a witness' testimony. However even if this was character evidence, Rule 404 only precludes character evidence as it is introduced to show "action[s] in conformity" with past behavior. Qore does not wish to prove Pritchard had a conflict of interest in the past and therefore is more likely to have a conflict of interest in this matter. Instead Qore wants to show Pritchard may have motives other than the search for truth in providing his testimony. This is permissible.

Finally, SSW argues Qore waived its right to complain of the conflict by not timely raising this matter. In support of that position SSW cites a number of cases in which experts were allowed to testify because a timely motion to exclude was not put forth. None of these cases arise out of the Fifth Circuit. Further, none of them are on point. This court would consider the argument if Qore sought to prevent Pritchard from testifying. However, the court finds no authority on waiver of the right to cross-examine. Not one case put forth by SSW precluded cross examination. Equity will not permit a party to hire a witness without full investigation into his background and then shield that witness from cross examination.

SSW can call Pritchard as an expert witness. However, Qore can cross exam him on his alleged conflict of interest.

SSW also makes two arguments in their motion requesting a limitation on the scope of that cross examination. First, in a footnote SSW argues Qore's cross examination should be limited because witnesses can not make legal conclusion at a trial. It is well established in the Fifth Circuit that an expert can not testify as to conclusions of law. *United States v. $9,041,598.68*, 163 F.3d 238, 255 (5th Cir. 1996) (superceded by statute on other grounds). The cases establishing that rule are not applicable to the issue currently before the court. Those cases are about experts coming to legal conclusions that are properly within the province of the jury. *See e.g.*, *BG Real Estate Services, Inc. v. Monticello Ins. Co.*, 2006 WL 461706, at *3 (E.D. La. Feb. 27, 2006). This principle is illuminated by the authority cited by SSW. The passage in *Specht v. Jensen*, pointed out by counsel states, expert testimony that "articulates and applies the relevant law . . . circumvents the jury's decision making function by telling it how to decide the case." 853 F.2d 805, 808 (10th Cir. 1988). The *Specht* court found its exclusion of the expert evidence to be a narrow ruling. *Id*. at 809. In making sure courts understood that legal opinions and references to law could be admissible the court stated, "an expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function." *Id*. at 809-10. (citing Fed. R. Evid. 702) "[A] witness [can not] be permitted to define the law of the case," however, a witness may illuminate ancillary issues of law not within the province of the jury. *Id*. at 810.

Pritchard admits to knowledge of the rule in question. He denies violating the Rule. Whether Pritchard violated the Rule or not is not a question ultimately at issue. Instead this determination simply goes to Pritchard's credibility. Allowing witnesses to testify about their

personal knowledge of the rule in question is helpful to the jury in determining the credibility of the witnesses. The court will allow questions related to the legal conclusions about Professional Engineers' conflict of interest duties.

Lastly, Qore argues Federal Rule of Evidence 608(b) prohibits Qore from introducing extrinsic evidence to prove Pritchard's conflict. Rule 608(b) prohibits extrinsic evidence to prove specific incidents of conduct that relate to a person's truthfulness. The evidence presented to the court does not fall within the purview of that Rule. Qore is not trying to prove Pritchard is an untruthful person. Instead Qore is attempting to prove bias. Bias evidence is not limited by Rule 608. However, this court will not have the instant matter turn into a mini-trial on Pritchard's alleged conflict of interest. The court will allow very little leeway in introducing extrinsic evidence related to Pritchard's conflict of interest or the conflict regulations in general. These decisions will have to be made during the trial.

SSW's motion to exclude evidence and argument regarding Pritchard's alleged conflict of interest is DENIED IN PART and RESERVED IN PART.

This the 3rd day of February, 2009.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**