# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **WAL-MART STORES, INC.** | **PLAINTIFF** |
| V. | **CAUSE NO. 1:06CV326** |
| **QORE, INC.; SAIN ASSOCIATES, INC. AND SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **DEFENDANTS** |
| **SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **THIRD PARTY PLAINTIFF** |
| V. | |
| **CAMCO CONSTRUCTION COMPANY, INC.** | **THIRD PARTY DEFENDANT** |

## ORDER

This cause comes before the court on the motion in limine [156, 158] of the plaintiff, Wal-Mart Stores, Inc. ("Wal-Mart") seeking to exclude the testimony of Ronald S. Majors.

Majors is designated as an expert by defendant, Qore, Inc. ("Qore") to determine if the remediation costs incurred by Wal-Mart were reasonable and necessary. Wal-Mart seeks to exclude his testimony because (1) his opinions are in conflict with Mississippi damages law; (2) his opinions are unreliable because they are based on a subjective methodology; (3) Majors is not qualified to present the testimony he proposes; and, (4) Qore's instructions to Majors prejudiced his ultimate conclusions. Instead of addressing each of these arguments Qore states Majors is qualified and his report is relevant and reliable.

The Supreme Court has charged trial court judges with the responsibility of acting as gatekeepers in determining when expert testimony is admissible. *Daubert v. Merrell*

*Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). *Daubert* requires that "when expert testimony is offered, the trial judge must perform a screening function to ensure that the expert's opinion is reliable and relevant to the facts at issue in the case." *Watkins v. Telesmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997). Determining reliability requires assessing "whether the reasoning or methodology underlying the testimony is . . . valid." *Daubert*, 509 U.S. at 592-93. Relevance rests on "whether [that] reasoning or methodology properly can be applied to the facts in issue." *Id*. at 593.

*Daubert* set forth a non-exclusive checklist for trial courts to use in determining the reliability of expert testimony. *Daubert*, 509 U.S. at 593. Those factors include: (1) whether the expert's technique or theory has been tested; (2) whether the technique or theory has been subjected to peer-review and publication; (3) the known or potential rate of error applicable to the technique or theory; (4) the existence of standards and controls applicable to the technique or theory; and, (5) whether the technique or theory is generally accepted in the scientific community. *Id*. at 593-95.

The court expanded the scope of permissible expert testimony to non-scientific experts in *Kumho Tire Co., Ltd. v. Carmichael*. 526 U.S. 137 (1999). Under that analysis, a court must determine if an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field" before finding the evidence admissible. *Kumho Tire Co.*, 526 U.S. at 152.

The court first looks to the reliability of Majors' opinion. The reliability prong of *Daubert* encompasses three of Wal-Mart's issues with the testimony: (1) his opinions are unreliable because they are based on a subjective methodology; (2) Majors is not qualified to present the testimony he proposes; and, (3) Qore's instructions to Majors prejudiced his ultimate

conclusions.

First the court looks to Majors' qualifications. Majors is a professional engineer licensed in Maryland. He has a Master's Degree in Engineering Administration from The George Washington University. He holds a Bachelor of Science Degree in Civil Engineering and a Bachelor of Arts Degree in Economics. Further, Majors has attended a number of seminars and other training events.

Majors has ten years of experience working as a construction engineer. He has twenty-five years experience as a construction consultant. Interestingly, Majors worked for one year in the early eighties as a construction engineering consultant for Smith Currie & Hancock, the firm who represents Qore in this action.

Majors' background and experience are mainly in construction scheduling. However, he does have some experience relating directly to construction costs. Further, scheduling is inherently related to the costs of construction. As such it is clear, Majors' experience and education allow him to opine on construction costs.

The specifics of the objection put forth by Wal-Mart are, however, that Majors is not qualified to offer an opinion on what damages are allowed under Mississippi law. The court agrees Majors is not qualified to offer these opinions. He has only very limited legal training. He is not an attorney and freely admits he is unaware of the damages standard in place under Mississippi law.

In giving his opinion, Majors consistently uses terms such as "valid damages" and "legitimate damages." The court will strike any mention of what Majors considers valid or legitimate damages. This is an amount calculable only through an application of the law to the facts. Majors is not qualified to make such a calculation.

The court will also strike Majors' calculations distinguishing between remediation work and betterments. Majors testified he is not an expert in the field of calculating the value of asphalt as to the extent he considered it a betterment. He testified he relied on a formula given him by Jim Scherocman. He did not know where the formula came from or how it was derived. Majors could not identify one single other source that used or approved of this formula. Based on this testimony, Majors was little more than an adding machine spitting out a number determined solely by the formula given him. He was not acting as an expert in determining the value of the betterments versus the value of the remedial measures.

However, the court finds Majors has offered some opinions which fall within his expertise. In coming to his final conclusion, Majors made a series of small conclusions. As these relate to overbilling of construction costs, Majors is qualified to make them. That is, Majors is qualified to testify that based on his education and experience he believes Wal-Mart was incorrectly billed for some work or overpaid for work.

Wal-Mart next complains Majors' testimony is not reliable because it is based on a subjective methodology. To some extent all non-scientific expert testimony is based on subjective factors. The real question before the court is whether Majors used the same level of intellectual rigor in this case as he would in his own private practice.

The court is unsure if Majors used the same level of intellectual rigor in determining the areas where Wal-Mart was, in his opinion, overbilled. Majors' method at arriving at his conclusions has not been revealed. As far as the court can determine, he relies on nothing more than his experience in coming to these conclusions. This statement is not enough to make the conclusions admissible.

Instead of simply excluding these conclusions, the court will offer Qore the opportunity to

have Majors testify as to his method in determining how much Wal-Mart was overbilled.

The court has further concerns about Majors' conclusions that will also need to be addressed at that time. Specifically, the court does not believe Majors' conclusions about overbilling are relevant unless he is willing to testify that Wal-Mart could have actually hired a contractor to perform the construction at a lesser cost or there is other evidence to support that conclusions.

Qore will have the opportunity to present Majors for a *Daubert* hearing, limited to these issues at the conclusion of the day's proof on February 4, 2009.

Wal-Mart's motion is GRANTED IN PART and RESERVED IN PART.

This the 3rd day of February, 2009.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**