# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **WAL-MART STORES, INC.** | **PLAINTIFF** |
| V. | **CAUSE NO. 1:06CV326** |
| **QORE, INC.; SAIN ASSOCIATES, INC. AND SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **DEFENDANTS** |
| **SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **THIRD PARTY PLAINTIFF** |
| V. | |
| **CAMCO CONSTRUCTION COMPANY, INC.** | **THIRD PARTY DEFENDANT** |

## ORDER

This cause comes before the court on the motion in limine [156, 158] of the plaintiff, Wal-Mart Stores, Inc. ("Wal-Mart") seeking to exclude the testimony of Ronald S. Majors.

Majors is designated as an expert by defendant, Qore, Inc. ("Qore") to determine if the remediation costs incurred by Wal-Mart were reasonable and necessary . In an initial order the court limited Majors' testimony and raised concerns about the admissibility of any of Majors' opinions. Specifically, the court ruled Majors could not testify as to legal conclusions or the value of any alleged betterments contained in the remediation contract. The court ordered a hearing to determine if Majors would be allowed to testify at all.

The Supreme Court has charged trial court judges with the responsibility of acting as gatekeepers in determining when expert testimony is admissible. *Daubert v. Merrell Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). *Daubert* requires that "when expert testimony

is offered, the trial judge must perform a screening function to ensure that the expert's opinion is reliable and relevant to the facts at issue in the case." *Watkins v. Telesmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997). Determining reliability requires assessing "whether the reasoning or methodology underlying the testimony is . . . valid." *Daubert*, 509 U.S. at 592-93. Relevance rests on "whether [that] reasoning or methodology properly can be applied to the facts in issue." *Id*. at 593.

*Daubert* set forth a non-exclusive checklist for trial courts to use in determining the reliability of expert testimony. *Daubert*, 509 U.S. at 593. Those factors include: (1) whether the expert's technique or theory has been tested; (2) whether the technique or theory has been subjected to peer-review and publication; (3) the known or potential rate of error applicable to the technique or theory; (4) the existence of standards and controls applicable to the technique or theory; and, (5) whether the technique or theory is generally accepted in the scientific community. *Id*. at 593-95.

The court expanded the scope of permissible expert testimony to non-scientific experts in *Kumho Tire Co., Ltd. v. Carmichael*. 526 U.S. 137 (1999). Under that analysis, a court must determine if an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field" before finding the evidence admissible. *Kumho Tire Co.*, 526 U.S. at 152.

The court first looks to the reliability of Majors' opinion. The reliability prong of *Daubert* encompasses three of Wal-Mart's issues with Majors' testimony: that (1) his opinions are unreliable because they are based on a subjective methodology; (2) Majors is not qualified to present the testimony he proposes; and, (3) Qore's instructions to Majors prejudiced his ultimate

2

conclusions.

As the court has already ruled, it is clear Majors' experience and education allow him to opine on construction costs. Majors is qualified to testify, based on his education and experience, on incorrect billing and overbilling.

The question before the court then became whether Majors used the same level of intellectual rigor in this case as he would in his own private practice.

Majors has had multiple opportunities to reveal the methodology he used in determining if Wal-Mart was overbilled for remediation work. He has not revealed his method. Majors' expert report indicates he relied on his experience and industry standards. Majors certainly has construction experience, but he has not related the nexus between that experience and his conclusions.

More concerning is Majors failure to make mention of any industry standards during his testimony. Not once does Majors give the court the standard he applied. *Daubert*'s gatekeeping function is specifically designed to keep standardless testimony out of evidence. Majors opines on a variety of subjects, but he offers no guide as to where his conclusions came from or how one might judge the value of those conclusions. Operating in a standardless world allows Majors to get on the stand and make any assertion he chooses without regard for the truth. There is no way to judge those who operate without bounds. It is unfair to put a jury in the position of having to try.

Majors' testimony as it relates to overbilling also fails the relevance analysis required by *Daubert*. Assuming the court were to believe Wal-Mart was overbilled based on Majors' testimony, that belief could only exist in a vacuum. Majors was unable to testify that Wal-Mart

3

could have gotten the work done for less.  Further the facts indicate that Wal-Mart initially made its decision to hire a contractor based on competitive bidding.  It chose the lowest bidder.  However, the work did not begin for seventeen months.  During those seventeen months the cost of construction went up significantly.  Likewise the cost of the remediation work also increased.  That increased cost paid was still lower than any of the other original bids.  This is strong evidence that Wal-Mart could not have gotten the remediation work done for any less than the cost paid.

Majors' subjective belief Wal-Mart paid too much is irrelevant when there is objective proof Wal-Mart got the best available price.

Though Majors can not testify, Qore can introduce the underlying facts on which Majors relied.  No expert opinion is needed for facts that are obvious.  Majors stated there was no mystery that the scope of the work changed between the initial construction and the remediation work.  There is no question the value of the contracts changed.  The court sees no reason Qore can not introduce such facts.  The court is certain Qore's other experts will opine on these changes so that its case might be made.

Finally, the court will briefly readdress Majors' already excluded testimony related to betterments in the remediation contract.  Wal-Mart is not entitled to recover for betterments built into the remediation contract and the court doubts there is any real dispute among the parties on this issue.  However, Majors' testimony about betterments contains the same reliability problems as his testimony about overbilling.  Much of his testimony relates to the value of asphalt, yet admits he is not an expert on the such values.  He does nothing more than second opinions of others on the value of the alleged betterments.

These combined problems counsel against allowing Majors to testify.

Wal-Mart's motion is GRANTED.

This the 5th day of February, 2009.

                                                   **/s/ MICHAEL P. MILLS**
                                                   **CHIEF JUDGE**
                                                   **UNITED STATES DISTRICT COURT**
                                                   **NORTHERN DISTRICT OF MISSISSIPPI**