# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**WAL-MART STORES, INC.**                                                         **PLAINTIFF**

**V.**                                                              **CAUSE NO. 1:06CV326**

**QORE, INC.; SAIN ASSOCIATES, INC. AND
SHANNON, STROBEL & WEAVER CONSTRUCTION
& ENGINEERS, INC.**                                                         **DEFENDANTS**

**SHANNON, STROBEL & WEAVER CONSTRUCTION
& ENGINEERS, INC.**                                               **THIRD PARTY PLAINTIFF**

**V.**

**CAMCO CONSTRUCTION COMPANY, INC.**            **THIRD PARTY DEFENDANT**

## ORDER

This cause comes before the court on the motions of the defendants, Qore, Inc. ("Qore"), Sain Associates, Inc. ("Sain"), and Shannon, Strobel & Weaver Constructors & Engineers, Inc. ("SSW") for judgments as a matter of law pursuant to Federal Rule of Civil Procedure 50.

Each of the defendants made a separate motion for a judgment as a matter of law at the close of the case-in-chief of the plaintiff, Wal-Mart Stores, Inc. ("Wal-Mart"). The court heard the oral motions and then provided the parties an opportunity to submit written briefs on the matter. Having heard the testimony and motions, seen the submitted evidence, and reviewed the parties' briefs, the court is ready to rule.

A motion for judgment as a matter of law is a challenge to the legal sufficiency of the evidence to support a verdict. *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995). A judgment as a matter of law is inappropriate unless there is no legally sufficient evidentiary basis for a

finding. *Hiltgen*, 47 F.3d at 700. (quoting Fed. R. Civ. P. 50(a)(1)). A jury may draw reasonable inferences from the evidence, and those inferences may constitute sufficient proof to support a verdict. *Id*. In making a determination on this type of matter, a court must view the evidence in the light most favorable to the nonmovant. *Id*. The court is not free to weigh the evidence or to evaluate the credibility of witnesses. *Id*. The court must not substitute its own judgment for factual inferences that might be found. *Id*.

Wal-Mart asserts two types of claims against each of the defendants. Wal-Mart alleges each defendant was negligent in its role in constructing the Starkville Wal-Mart Supercenter. Further Wal-Mart argues each defendant breached their respective contracts[1] related to the construction of the Supercenter in question.

In reality, Wal-Mart proceeds under the theories that Qore and Sain are liable for its damages caused by poor design and that Qore and SSW are liable for construction defects.

To succeed on a negligence claim the plaintiff must prove: (1) the defendant had a duty to the plaintiff; (2) the defendant breached that duty; (3) that breach was the proximate cause of the complained injury; and, (4) the plaintiff was damaged. *Dickey v. Baptist Memorial Hospital-North Mississippi* 146 F.3d 262, 265 (5th Cir. 1998) (citing *Drummond v. Buckley*, 627 So. 2d 264, 268 (Miss. 1993); *Barner v. Gorman*, 605 So. 2d 805, 808-09 (Miss. 1992)).

Under Mississippi law expert testimony is required to establish a professional duty unless the matter at issue is within common lay knowledge. *Terry v. Clinton Health & Rehab Center*, 170 F. Supp. 2d 686, 688 (S.D. Miss. 2000) (citing *Walker v. Skiwski*, 529 So.2d 184, 187 (Miss. 1988); *Phillips v. Hull*, 516 So.2d 488, 491 (Miss. 1987) (overruled on other grounds); *Cole v. Wiggins*, 487 So.2d 203, 206 (Miss. 1986)). In determining the duties of each party, the question

---

[1] Qore performed two contracts related to this project. Wal-Mart contends Qore breached both contracts.

before the court is whether those duties are within common lay knowledge. In their broadest sense these issues are generally within lay knowledge. It is commonly known that construction projects must be designed and built in a manner resulting in a usable structure.

The question before the jury here is more complex. The jury must make both general and specific determinations. The jury must determine whether and what specific acts of three distinct defendants caused failure of the Starkville Supercenter within the general theory that designers and constructors are bound to perform in such a manner to create a workable structure. To make their determination the jury needs specific guidelines from which to operate. For instance one of many allegations is that Qore's failure to recommend seven feet of select fill below the Supercenter caused impermissible movement of the structure. The amount of select fill required to properly construct this type of structure is not within the common knowledge. On the other hand some issues are not beyond the common knowledge. For example, it is clear a testing and monitoring contractor has a duty to discover defects which are within the scope of its testing and monitoring. Some claims require expert testimony and some do not.

To further confuse the issues, the defendants have taken on differing contractual duties. Evidence of failures in performing those contractual duties must also be weighed in determining if a party had a duty to act.

The court first looks at the negligent design claims brought against Qore and Sain. Wal-Mart has produced evidence that Qore breached the standard of care imposed on geotechnical engineers. Dr. Randy Alrich[2] testified that the clay in Starkville required seven feet of select fill in order to properly construct a building similiar to a Wal-Mart Supercenter. He went on to state

---

[2] Qore now suggests Alrich's testimony should be disregarded because he did not use objective standards in coming to his conclusions. The court finds any such failure goes to the weight the jury should give his testimony. No one objected to Alrich's testimony and the time to do so has now passed.

it would be a breach of the standard of care not to make a design recommendation consistent with this need for seven feet of fill. Taken in a light most favorable to Wal-Mart this evidence establishes a duty and a breach of that duty.

Likewise Sain had a duty to provide to provide a design that adequately addressed site conditions. Dean Carlson testified that Sain should have known Qore's two presented options were not equal and that the two options proposed did not meet the requirements to build a Supercenter on the particular brand of clay in play. Carlson also testified that Joe Loethen's questions about the "dirt issues" should have triggered Sain to independently verify the suitability of the design for the surrounding circumstances. Sain's contract makes it liable for errors which it should have known. There is a jury question of whether Sain breached these duties.

It must next be determined if Wal-Mart proved proximate causation between the parties' breaches and its damages. The court heard evidence that failure to use the correct amount of select fill allowed the underlying clay to expand and ripple. This expansion could have been responsible for the movement of the Supercenter. Much was made of these movements during Wal-Mart's case-in-chief. The court was repeatedly told building movement was responsible for breakage of both the building and parking lot in question. In addition to this testimony, the pictures and lay testimony make it obvious movement of the building has caused massive damage. Wal-Mart has presented a sufficient causation case to take this issue to the jury.

The court next considers whether negligent construction defects caused Wal-Mart's damages. This evidence is somewhat weaker than the negligent design evidence. However, the evidence is sufficient for Wal-Mart to survive a motion for a judgment as a matter of law.

SSW was responsible for constructing the Supercenter. Wal-Mart presented a number of errors that occurred during that construction. Most pertinent to the question before the court are

the areas where no lime stabilization appears to have been done and where there was missing fill. Further Alrich stated SSW failed to properly compact dirt in some areas and such failure was a construction defect. There is no question SSW had a duty both under the common law standard and under its contract to properly construct the Supercenter. Construction defects when taken in the light most favorable to Wal-Mart allow a jury to find a breach of that duty.

This finding is closely related to Wal-Mart's claim against Qore for negligent testing and monitoring of the job site. Wal-Mart did not put on an expert to testify as to Qore's duties as a testing and monitoring contractor. This is a deviation from the best practice in prosecuting such a suit. However, a rational juror could conclude based on the contract in question and his or her own common sense the extent of Qore's duties. The contract calls for Qore to verify the work completed and alert the interested parties to any mistakes. There were obvious mistakes in the geotechnical work on this project. Qore did not discover those errors nor did they alert anyone. The court finds, based on a reading of the evidence most favorable to Wal-Mart, the errors in question were plain and should have been discovered. Wal-Mart has created a jury question as to whether SSW and Qore breached their duties related to construction defects.

Wal-Mart must also prove these breaches of duty were the proximate cause of its damages. There is little evidence linking the construction defects to the failure of the building and the surrounding parking lot. However, Dr. Aldrich testified improper compaction allowed water to flow between the soil under the parking lot and the building. This flow of water in his opinion was responsible for the soil heaving and thus for the breakage experienced by the Supercenter. The lack of lime stabilization in some areas likewise resulted in the soil retaining water. It follows this excess water also contributed to clay expansion and ultimately to the damages suffered by the property. This is at least minimally sufficient evidence to show

undiscovered construction defects proximately caused some of Wal-Mart's damages. SSW's duty was to properly perform the construction work. Qore's duty was to verify this was done. Both parties must now face the jury in determining whether or not they are liable for failure to live up to these duties.

Wal-Mart also brings breach of contract claims against each of the defendants. Each defendant has stipulated they had a valid and enforceable contract with Wal-Mart. Under Mississippi law "'negligent performance constitutes a tort as well as a breach of contract.'" *George B. Gilmore Co. v. Garrett*, 582 So. 2d 387, 391 (Miss. 1991) (quoting *Pinnix v. Toomey*, 87 S.E.2d 893, 898 (N.C. 1955)).

Having presented a viable negligence claim, Wal-Mart can proceed under its breach of contract theory. Of course, Wal-Mart will ultimately be limited to one recovery. However, Wal-Mart does not have to abandon either cause at this juncture.

The parties have presented some very specific questions for the court to decide in addition to the issues addressed above. The court declines to rule on those issues. It would be more confusing to the jury to instruct them as to each possible theory of liability that might be precluded rather than simply letting the attorneys argue their case. The attorneys will not be permitted to argue theories that do not conform with the evidence and this should prohibit the introduction of any unsupported hypotheses.

The defendants' motions for judgments as a matter of law are DENIED.

This the 9th day of February, 2009.

/s/ MICHAEL P. MILLS  
**CHIEF JUDGE**  
**UNITED STATES DISTRICT COURT**  
**NORTHERN DISTRICT OF MISSISSIPPI**