# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **WAL-MART STORES, INC.** | **PLAINTIFF** |
| **V.** | **CAUSE NO. 1:06CV326** |
| **QORE, INC.; SAIN ASSOCIATES, INC. AND SHANNON, STROBEL & WEAVER CONSTRUCTORS & ENGINEERS, INC.** | **DEFENDANTS** |
| **SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **THIRD PARTY PLAINTIFF** |
| **V.** | |
| **CAMCO CONSTRUCTION COMPANY, INC.** | **THIRD PARTY DEFENDANT** |

## ORDER GRANTING IN PART AND DENY IN PART MOTIONS FOR JUDGEMENTS AS A MATTER OF LAW

This cause comes before the court on the motions of the parties, Wal-Mart Stores, Inc. ("Wal-Mart), Qore, Inc. ("Qore"), Sain Associates, Inc. ("Sain"), and Shannon, Strobel & Weaver Constructors & Engineers, Inc. ("SSW") for judgements as a matter of law pursuant to Federal Rule of Civil Procedure 50.

Having seen the evidence presented and heard arguments from the attorneys, the court has divided the claims into three types: (1) repair costs for the parking lot; (2) repair costs for the building; and, (3) diminution in value damages for the building. The court will assess each entity's liability as to all three claims.

Some of the motions can be disposed of without discussion. The court denies Qore's motion for a directed verdict in its entirety. The court also denies the motions of Sain, SSW, and

Wal-Mart for directed verdicts as related to repair costs for the parking lot. The court must also deal with other actors who may be apportioned liability. As such the court denies the motion brought by SSW on behalf of Camco Construction Company, Inc. ("Camco"). The court likewise denies the motions brought on behalf of Kimes and Stone Construction, Falcon Construction, D.S. McClanahan Concrete and Paving, Pritchard Engineering, and Eubanks Construction. The reasons for denial of these motions as they relate to repair costs for the parking lot are obvious. The reasons for denial of these motions as they relate to the building are laid out in the court's discussion of SSW's liability for the damages associated with the building.

The court grants Wal-Mart's motion as to both cross-claims brought by the defendants for damages to the building. Questions asked about the maintenance done to the building. However, there was no proof establishing that Wal-Mart did not properly maintain the building in breach of a duty. Likewise there was no other proof that Wal-Mart caused its own damages to the building.

The court denies Sain's motion as it relates to the two building damages claims. Wal-Mart's expert did a poor job of explaining what, if any, liability Sain had for the damages to the building. However, Sain's corporate representative admitted Sain stamped and certified the building plans. The court believes a reasonable jury might conclude that by signing off on the plans, Sain represented the plans to be appropriate. Other evidence that the design of the building caused its failure combined with this certifcation counsels against granting Sain's motion.

The court denies SSW's motion relating to the damages to the building claims. Wal-Mart does not attempt to hold SSW liable for these damages. Qore does, however, argue SSW is liable. The court has reservations about any liability on the part of SSW. However, under Mississippi law it appears they should stay in the case for these claims. In *Southland*

*Enterprises, Inc. v. Newton County, Mississippi*, the Mississippi Supreme Court held a contractor can be liable even when it follows the plans given, if doing so is a negligent act 838 So. 2d 286, 289-90 (Miss. 2003). In applying that rule, the court held a contractor could be liable for performing construction work at a time or in a manner it knew or should have known was improper. *Id.* at 290. In *Southland*, this meant a contractor could be liable for work performed in bad weather even though the contract forced the contractor into this position. *Id*. Though this rule is well settled, *Southland*'s application of the standard is not economically efficient. It places companies in the position of entering time sensitive contracts and not being able to rely on them. This empowers savvy buyers at the expense of all contractors.

Though this court questions the public policy considerations undergirding *Southland*, this court is bound to apply it. The facts of *Southland* closely resemble those of the instant matter. In both cases construction failures resulted not from deviations from the plans, but from the pressure to complete a contract in inappropriate weather.

Additionally, there is at least some evidence SSW and/or its subcontractors failed to place the appropriate amount of fill beneath portions of the building that failed. Though the court finds it difficult to sort out the liability of SSW, Camco, and Camco's subcontractors as to these claims, there is enough evidence for the claims to survive the standard laid out in Federal Rule of Evidence 50.

The court next addresses the liability of BRR Architecture ("BRR") and Johnson/Burkholder. Neither of these companies are parties to the suit. However, the defendants wish to have the jury weigh in on their liability. Such a desire is proper under Mississippi law. In fact, both BRR and Johnson/Burkholder may be liable. However, the court has not heard enough evidence for a reasonable jury to find them liable for a tort. There has been

no evidence of the standard of care required of either.  There has been no evidence of how BRR or Johnson/Burkholder breached any standard or how any supposed breach caused Wal-Mart's damages.  The court finds as a matter of law that BRR and Johnson/Burkholder cannot be apportioned any damages in this suit.

The motions for judgements as a matter of law are GRANTED IN PART and DENIED IN PART.

This the 13th day of February, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**