# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **WAL-MART STORES, INC.** | **PLAINTIFF** |
| V. | **CAUSE NO. 1:06CV326** |
| **QORE, INC.; SAIN ASSOCIATES, INC. AND SHANNON, STROBEL & WEAVER CONSTRUCTORS & ENGINEERS, INC.** | **DEFENDANTS** |
| **SHANNON, STROBEL & WEAVER CONSTRUCTION & ENGINEERS, INC.** | **THIRD PARTY PLAINTIFF** |
| V. | |
| **CAMCO CONSTRUCTION COMPANY, INC.** | **THIRD PARTY DEFENDANT** |

## AMENDED ORDER GRANTING IN PART AND DENY IN PART MOTIONS FOR JUDGMENTS AS A MATTER OF LAW

This cause comes before the court on the motions of the parties, Wal-Mart Stores, Inc. ("Wal-Mart), Qore, Inc. ("Qore"), Sain Associates, Inc. ("Sain"), and Shannon, Strobel & Weaver Constructors & Engineers, Inc. ("SSW") for judgments as a matter of law pursuant to Federal Rule of Civil Procedure 50.

This court previously entered an order in this matter referring to the Mississippi Supreme Court's opinion in *Southland Enterprises, Inc. v. Newton County, Mississippi*, 838 So. 2d 286 (Miss. 2003). Having heard argument from counsel subsequent to entering that order, the court believes it misstated the law. This order reaches the same conclusion without reliance on that mistake.

Having seen the evidence presented and heard arguments from the attorneys, the court has

divided the claims into three types: (1) repair costs for the parking lot; (2) repair costs for the building; and, (3) diminution in value damages for the building. The court will assess each entity's liability as to all three claims.

Some of the motions can be disposed of without discussion. The court denies Qore's motion for a directed verdict in its entirety. The court also denies the motions of Sain, SSW, and Wal-Mart for directed verdicts as related to repair costs for the parking lot. The court must also deal with other actors who may be apportioned liability. As such the court denies the motion brought by SSW on behalf of Camco Construction Company, Inc. ("Camco"). The court likewise denies the motions brought on behalf of Kimes and Stone Construction, Falcon Construction, D.S. McClanahan Concrete and Paving, Pritchard Engineering, and Eubanks Construction. The reasons for denial of these motions as they relate to repair costs for the parking lot are obvious. The reasons for denial of these motions as they relate to the building are laid out in the court's discussion of SSW's liability for the damages associated with the building.

The court grants Wal-Mart's motion as to both cross-claims brought by the defendants for damages to the building. Questions were asked about the maintenance done to the building. However, there was no proof establishing that Wal-Mart did not properly maintain the building in breach of a duty. Likewise there was no other proof that Wal-Mart caused its own damages to the building.

The court denies Sain's motion as it relates to the two building damages claims. Wal-Mart's expert did a poor job of explaining what, if any, liability Sain had for the damages to the building. However, Sain's corporate representative admitted Sain stamped and certified the building plans. The court believes a reasonable jury might conclude that by signing off on the plans, Sain represented the plans to be appropriate. Other evidence that the design of the

building caused its failure combined with this certifcation counsels against granting Sain's motion.

The court denies SSW's motion relating to the damages to the building claims. Wal-Mart does not attempt to hold SSW liable for these damages. Qore does, however, argue SSW is liable.

There is at least some evidence SSW and/or its subcontractors failed to place the appropriate amount of fill beneath portions of the building that failed. There was conflicting testimony on this point. Qore offers a jury could infer fill was missing from under the building based on studies showing fill missing from near the building. This argument is tenuous, but possible.

Additionally, Qore introduced testimony that Pritchard Engineering staked the building incorrectly or in such a way as to create an improper layout of the site. Along with evidence of areas of the site that were not properly undercut or filled, this could lead a jury to find some liability on the part of SSW. Though the court finds it difficult to sort out the liability of SSW, Camco, and Camco's subcontractors as to these claims, there is enough evidence for the claims to survive the standard laid out in Federal Rule of Evidence 50.

The court next addresses the liability of BRR Architecture ("BRR") and Johnson/Burkholder. Neither of these companies are parties to the suit. However, the defendants wish to have the jury weigh in on their liability. Such a desire is proper under Mississippi law. In fact, both BRR and Johnson/Burkholder may be liable. However, the court has not heard enough evidence for a reasonable jury to find them liable for a tort. There has been no evidence of the standard of care required of either. There has been no evidence of how BRR or Johnson/Burkholder breached any standard or how any supposed breach caused Wal-Mart's

damages. The court finds as a matter of law that BRR and Johnson/Burkholder cannot be apportioned any damages in this suit.

The motions for judgments as a matter of law are GRANTED IN PART and DENIED IN PART.

This the 14th day of February, 2009.

                                            **/s/ MICHAEL P. MILLS**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**
                                            **NORTHERN DISTRICT OF MISSISSIPPI**