UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WAL-MART STORES, INC.                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO.: 1:06CV326-MPM

QORE, INC.; SAIN ASSOCIATES, INC.; AND
SHANNON, STROBEL & WEAVER CONSTRUCTION
& ENGINEERS, INC.                                                        DEFENDANTS

## CLERK OF COURT'S MEMORANDUM OPINION AND ORDER
## ADJUDICATING CONTESTED BILL OF COSTS

For the reasons and upon the basis stated in this Opinion and Order, costs are taxed against the Plaintiff in favor of the Defendant in the sum of $29,217.25 for the items appearing in the following table:

| Item | Claimed | Allowed |
|---|---|---|
| Fees for printed or electronically recorded transcripts | $ 17,820.47 | $ 16,803.69 |
| Fees and disbursements for printing | 10,977.80 | 10,519.61 |
| Fees for witnesses | 1,893.95 | 1,893.95 |
| Fees for exemplification and the cost of making copies | 1,799.00 | 0.00 |
| Other costs | $ 3,144.60 | $ 0.00 |
| Total | $ 35,635.82 | $ 29,217.25 |

On April 1, 2010, the Court entered an amended judgment that granted partial judgment in favor of Sain Associates, Inc. [hereinafter, "Sain"] and awarded costs to be taxed against Plaintiff, Wal-Mart Stores, Inc. [hereinafter, "Wal-Mart"]. Sain subsequently submitted its Bill of Costs and seeks to recover $35,635.82 in this action. Wal-Mart has lodged objections to three basic areas of Sain's Bill of Costs: deposition costs; daily transcript costs; and copying costs. Sain did

1

not respond to the objections, and this matter is now ripe for review.

Federal Rule of Civil Procedure 54(d) provides that costs other than attorney's fees shall be allowed as of course to the prevailing party in an action unless the court otherwise directs. While courts are given wide latitude in determining taxable costs, the discretion exercised by courts is limited to the costs specifically enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Therefore, the undersigned will consider Wal-Mart's objections and Sain's entitlement to costs in accordance with what is allowed by statute.

A. Depositions

A prevailing party is entitled to recover the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). However, the prevailing party bears the burden of demonstrating that the costs were incurred out of necessity. *See Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991). If an attorney could have reasonably expected to use the deposition for trial preparation at the time the deposition was taken, it is a recoverable cost. *See id.*

Wal-Mart has several objections to the deposition costs claimed by Sain. First, Wal-Mart maintains that the invoices supporting the deposition costs include many charges that are not recoverable, such as charges for postage, ASCII discs, and laser copies. These charges were included in the depositions of: Charles Oligee ($40.20); Gary Curl ($26.50); Hadley Weaver ($33.80); Bobby Duncan ($26.50); Neil Coker ($7.50); Doug Phillips ($7.50); William Kennard ($10.50); James A. Scherocman ($25.00); Robert Furlow ($25.00); Edward Springer ($89.95); and Richard Maloy ($88.00). These are incidental expenses and are not recoverable. *See, e.g., Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Cpaital, Inc.*, 952 F. Supp. 415, 418

(N.D. Tex. 1997) (court finding expenses such as postage are overhead costs rather than litigation costs). Therefore, Wal-Mart's objection is sustained, and Sain's award of costs will be reduced by $376.45.

Second, Wal-Mart objects to the videotaped deposition of Candace Bailey as a non-recoverable cost. As the statute was amended in 2008 to specifically include these costs, Wal-Mart's objection is overruled and the cost allowed. *See* 28 U.S.C. § 1920(2).

Finally, Wal-Mart argues that the sought costs of the depositions of Joe Loethan and Steve Dyer are excessive. Wal-Mart maintains that its expense for the same copies is much lower, and that Sain has given no explanation as to why its charges are higher for the same services. Joe Loethan was deposed twice in this matter. Sain claims $399.75 and $428.85 for the costs of the respective depositions. Sain claims costs of $726.48 for the deposition of Steve Dyer. However, the invoice for the charge of $726.48 includes the depositions of both Loethan and Dyer. It is clear that Sain's submission of charges is incorrect. As Wal-Mart pointed out this error in its objections to the Bill of Costs, and Sain has declined to either correct the error or explain the discrepancy, Wal-Mart's objection to these particular depositions is sustained. Rather than arguing to completely disallow the claim, Wal-Mart suggests that Sain be awarded the expense Wal-Mart incurred for obtaining the same depositions. The undersigned finds that suggestion reasonable and awards Sain $546.75 for the costs of the two depositions of Joe Loethan and $368.00 for the copy of the deposition of Dyer. Therefore, the sum of the reduction in Sain's award of costs for deposition related expenses is $1,016.78.

B. Daily Transcripts

Sain seeks $3,144.60 in costs for "COURT REPORTER FOR TRIAL." Wal-Mart argues

that this should not be allowed as a recoverable cost, as there was no agreement between the parties or pre-trial approval for the cost of daily transcripts. Sain has not responded to the objection by explaining why the daily transcripts were necessary in the litigation, and the undersigned assumes it was for the convenience of counsel. As such, the cost will be disallowed. *See Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991); *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363 (5th Cir. 1983) (stating daily transcripts are non-taxable upon a finding that the costs were incurred merely for the convenience of counsel). Sain's award of costs will be reduced by $3,144.60.

C. Copy Costs

Sain seeks to recover $10,977.80 for "[f]ee and disbursements for printing" and $1,799.00 for "[f]ees for exemplification and the costs of making copies." Wal-Mart objects to some of these charges, maintaining that copies made for producing documents in discovery or in producing documents to experts is non-recoverable. It also objects on the basis that Sain seeks recovery for multiple copies of documents. Copies of documents "necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). In order to demonstrate necessity, the prevailing party has to make "some demonstration that the reproduction costs necessarily result from that litigation." *See id.* Copies that are made for counsel's convenience may not be recovered. *See id.*

The undersigned finds that documents provided to the various experts in this case, as well as documents produced in discovery, such as initial disclosures, were certainly necessary to the litigation of this case and not for the convenience of counsel. Additionally, the multiple copies of

4

documents were made in order to produce copies to all the parties in the litigation, and the undersigned finds them necessarily reproduced for use in the case. Wal-Mart's objections on the aforementioned grounds are overruled. However, Wal-Mart also objects to the copying charges Sain incurred for making copies to "file" on seven specific dates in 2007 and 2008, as well as the $1,799.00 Sain seeks to recover for "in-house copying" to the "file." Sain has offered no explanation why these copies were not merely for counsel's convenience, and Wal-Mart's objections to these specific items of cost are sustained. Sain's award of costs shall be reduced by $458.19 for the "file" charges incurred on March 30, 2007 ($17.44); October 02, 2007 ($118.19) ($32.07); December 21, 2007 ($94.06); March 7, 2008 ($16.37); April 30, 2008 ($89.95); June 20, 2008 ($65.72); and June 26. 2008 ($23.76). The $ 1,799.00 sought by Sain for in-house copying is disallowed in its entirety. Therefore, the undersigned will reduce the award of costs by $2,257.19 in copying charges.

## Conclusion

Sain is awarded $29,217.25 for the costs of this action. On motion served within seven days, this Order may be reviewed. Fed. R. Civ. P. 54(d)(1).

Date: July 9, 2010

_____
Clerk of the Court

5

CERTIFICATE OF SERVICE

  I hereby certify that this *Clerk of Court's Memorandum Opinion and Order Adjudicating Contested Bill of Costs* was served on July 9, 2010, via the Court's Electronic Case Filing System, on all parties registered to receive notices electronically.

Date: July 9, 2010

                      /s/ Don Crews
                      Clerk of the Court